**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | |
|---|---|
| Senko (USA), Inc., a Georgia corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| Arrow Truck Sales Incorporated, ) | |
| a Missouri corporation, ) | |
| ) | Amount Claimed: |
| and ) | |
| ) | $140,838 plus costs |
| National Truck Protection Co., Inc., ) | and Rescission of Contracts |
| a New Jersey corporation, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR RESCISSION OF CONTRACTS AND OTHER RELIEF

Senko (USA), Inc., by its attorneys, complains against defendants as follows:

**Parties, Jurisdiction and Venue:**

1. Senko (USA), Inc. ("Senko") is a Georgia corporation which maintains a place of business in Illinois at 1253 Hamilton Parkway in Itasca, Illinois. Senko is in the business of providing transportation services to its customers.

2. Upon information and belief, Arrow Truck Sales Incorporated ("Arrow") is a Missouri corporation with its principal place of business in Kansas City, Missouri. Arrow is in the business of buying and selling new and used trucks. Arrow maintains a place of business, and conducts business, in Illinois.

3. Upon information and belief, National Truck Protection Co., Inc. ("NTP") is a New Jersey corporation which conducts business in Illinois. NTP sells vehicle service contracts and related services to its customers. Upon information and belief, NTP has some arrangement or agreement with Arrow to offer and provide vehicle service contracts to customers who purchase vehicles from Arrow as part of the sales agreement that Arrow offers to its customers.

1

4. This Court has federal jurisdiction pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. Plaintiff also seeks equitable relief related to the various written contracts between the parties.

5. Venue is proper in this district as the contracts were entered into this district and the matters complained of occurred in, and/or have substantial connection to, this district. In addition, venue was agreed upon in the written contracts between Arrow and Senko.

**Background Facts:**

6. On or about 6/5/2015, Senko purchased from Arrow's Chicago branch office a 2008 International Prostar (VIN #2HSCUAPR68C680347) ("2008 International") for $48,145.00, including Arrow's ConfidencePLUS 90-Day/25,000 Mile Warranty and an Arrow Platinum [1 year] Service Contract by NTP (Contract #457040) for $3,401.00. **Exhibit A1-A22**.

7. On or about 6/25/2015, Senko purchased from Arrow's Cincinnati branch office a 2009 Kenworth T2000 (VIN #1XKTDB9X59J229623) ("2009 Kenworth") for $49,100.00, including Arrow's ConfidencePLUS 90-Day/25,000 Mile Warranty and an Arrow Platinum [1 year] Service Contract by NTP (Contract #457828) for $3,401.00. **Exhibit B1-B20**. (The 2008 International and the 2009 Kenworth shall sometimes be referred to collectively herein as "the Vehicles.")

8. The contracts for both vehicles were signed by Senko in Illinois, and the Vehicles have been located in Illinois at all times when they are not in service.

9. Almost immediately following the purchase of the 2008 International and the 2009 Kenworth, Senko began experiencing problems with the Vehicles.

10. As of this date, Senko has incurred costs of approximately $23,302.00 related to repairs and replacement vehicles as a result of the problems with the 2008

2

International which costs have not been paid or reimbursed by Arrow or NTP.

11. As of this date, Senko has incurred costs of approximately $20,291.50 related to repairs and replacement vehicles as a result of the problems with the 2009 Kenworth which costs have not been paid or reimbursed by Arrow or NTP.

12. Despite the fact that the Vehicles were purchased for commercial use, due to the problems with the Vehicles, the Vehicles have been out of service for most of the time that Senko has owned the Vehicles. As of this date, Senko has put only 9,214 miles on the 2008 International and only 6,134 miles on the 2009 Kenworth since it purchased the Vehicles.

13. The 2008 International is currently out of service and can not pass a DOT inspection required for operation without further repairs and related costs. The 2009 Kenworth is just now being placed back in service after an extended period out of service.

14. Arrow and NTP have failed and/or refused to cover any of these charges despite the fact that all of these failures occurred within the first 6 months after purchase of the Vehicles and many occurred within the first 90 days after purchase of the Vehicles.

15. Since purchasing the 2008 International and the 2009 Kenworth, Senko has learned several material facts which, upon information and belief, were known, or should have been known, to Arrow at the time of sale of the Vehicles. Those facts include:

    (A) The person responsible for the sale of the 2008 International to Senko in Chicago is the same individual who conducted the NTP Warranty Inspection on the Vehicles which dual agency creates an inherent conflict of interest;

    (B) There were material omissions from the NTP computer information provided to Senko prior to purchase related to the Vehicles;

    (C) The 2008 International was involved in a tow away accident in 2013 which was not disclosed to Senko prior to purchase; and

    (D) Several class action lawsuits were filed against the manufacturer of the C-15 model engine that is installed in the 2009 Kenworth.

16. None of the facts set forth in paragraph 15 above were disclosed to Senko prior to its purchase of the 2008 International or the 2009 Kenworth.

## COUNT I

### BREACH OF CONTRACT AGAINST ARROW TRUCK SALES RELATED TO 2008 INTERNATIONAL

17. Senko realleges and incorporates by reference paragraphs 1 through 16 above as though fully set forth herein.

18. The contract for sale of the 2008 International from Arrow to Senko included Arrow's standard ConfidencePLUS 90-Day/25,000 Mile "B" Warranty. Arrow also participated in the marketing, promotion and sale of the Arrow Platinum Service Contract by NTP, the most expensive and comprehensive warranty and service plan offered by Arrow to Senko, which provided further warranties and protections for 12 months or 100,000 miles.

19. Within the first 90 days and 12 months after purchase of the vehicle from Arrow, Senko experienced numerous problems with the 2008 International.

20. Despite the terms of the contracts, Arrow failed and/or refused to cover most of the costs of the repairs necessary to correct the problems experienced by Senko related to the 2008 International. In each circumstance, Arrow stated that the needed repair was not covered by the contracts or warranties.

21. Arrow's failure to cover the needed repairs is a breach of the contract with Senko.

22. Senko has incurred, and will continue to incur, damages as a result of Arrow's breach of the contract in an amount set forth above and to be proven at trial.

WHEREFORE, Senko USA, Inc. respectfully requests that this Court enter a Judgment in its favor and against Arrow Truck Sales Co. in an amount to be determined at trial, plus costs and such further relief as this Court deems just and appropriate.

## COUNT II

## BREACH OF CONTRACT AGAINST ARROW TRUCK SALES
## RELATED TO 2009 KENWORTH

23. Senko realleges and incorporates by reference paragraphs 1 through 16 above as though fully set forth herein.

24. The contract for sale of the 2009 Kenworth from Arrow to Senko included Arrow's standard ConfidencePLUS 90-Day/25,000 Mile "B" Warranty. Arrow also participated in the marketing, promotion and sale of the Arrow Platinum Service Contract by NTP, the most expensive and comprehensive warranty and service plan offered by Arrow to Senko, which provided further warranties and protections for 12 months or 100,000 miles.

25. Within the first 90 days and 12 months after purchase of the vehicle from Arrow, Senko experienced numerous problems with the 2009 Kenworth.

26. Despite the terms of the contracts, Arrow failed or refused to cover most of the costs of the repairs necessary to correct the problems experienced by Senko related to the 2009 Kenworth. In each circumstance, Arrow stated that the needed repair was not covered by the contracts or warranties.

27. Arrow's failure to cover the needed repairs is a breach of the contract with Senko.

28. Senko has incurred, and will continue to incur, damages as a result of Arrow's breach of the contract in an amount set forth above and to be proven at trial.

WHEREFORE, Senko USA, Inc. respectfully requests that this Court enter a Judgment in its favor and against Arrow Truck Sales Co. in an amount to be determined at trial, plus costs and such further relief as this Court deems just and appropriate.

## COUNT III

### BREACH OF CONTRACT AGAINST NTP RELATED TO THE 2008 INTERNATIONAL

29. Senko realleges and incorporates by reference paragraphs 1 through 16 above as though fully set forth herein.

30. Prior to Senko's purchase of the 2008 International, including the Arrow Platinum Service Contract by NTP, NTP conducted an inspection of the vehicle and did not disclose any condition to Senko which would have lead Senko to believe that it would have any significant service issues with the 2008 International shortly after purchase.

31. Within the first 12 months and 100,000 miles after purchase of the Arrow Platinum Service Contract by NTP, Senko experienced numerous problems with the 2008 International.

32. Despite the terms of the contract, NTP failed and/or refused to cover most of the costs of the repairs for the problems experienced by Senko related to the 2008 International. In each circumstance, NTP stated that the needed repair was not covered by the contract.

33. NTP's failure to cover the costs of the needed repairs is a breach of the contract with Senko.

34. Senko has incurred, and will continue to incur, damages as a result of NTP's breach of the contract in an amount set forth above and to be proven at trial.

WHEREFORE, Senko USA, Inc. respectfully requests that this Court enter a Judgment in its favor and against National Truck Protection Co., Inc. in an amount to be determined at trial, plus costs and such further relief as this Court deems just and appropriate.

## COUNT IV

### BREACH OF CONTRACT AGAINST NTP RELATED TO THE 2009 KENWORTH

35. Senko realleges and incorporates by reference paragraphs 1 through 16

6

above as though fully set forth herein.

36. Prior to Senko's purchase of the 2009 Kenworth, including the Arrow Platinum Service Contract by NTP, NTP conducted an inspection of the vehicle and did not disclose any condition to Senko which would have lead Senko to believe that it would have any significant service issues with the 2009 Kenworth shortly after purchase.

37. Within the first 12 months and 100,000 miles after purchase of the Arrow Platinum Service Contract by NTP, Senko experienced numerous problems with the 2009 Kenworth.

38. Despite the terms of the contract, NTP failed or refused to cover most of the costs of the repairs for the problems experienced by Senko related to the 2009 Kenworth. In each circumstance, NTP stated that the needed repair was not covered by the contract.

39. NTP's failure to cover the costs of the needed repairs is a breach of the contract with Senko.

40. Senko has incurred, and will continue to incur, damages as a result of NTP's breach of the contract in an amount set forth above and to be proven at trial.

WHEREFORE, Senko USA, Inc. respectfully requests that this Court enter a Judgment in its favor and against National Truck Protection Co., Inc. in an amount to be determined at trial, plus costs and such further relief as this Court deems just and appropriate.

**COUNT V**

**RESCISSION OF ARROW SALES AGREEMENT AND SERVICE CONTRACT BY NTP RELATED TO 2008 INTERNATIONAL BASED ON MISREPRESENTATIONS AND OMISSIONS OF MATERIAL FACT**

41. Senko realleges and incorporates by reference paragraphs 1 through 16 above as though fully set forth herein.

42. Arrow made false statements of material fact, or omitted to state material facts which were known, or should have been known, to Arrow and NTP, to Senko for the

purpose of inducing Senko to purchase (a) the 2008 International and (b) the Arrow Platinum Service Contract by NTP, including that the vehicle was in suitable condition for use as a commercial vehicle in Senko's business and that any repairs needed within the first year would be covered at little to no expense to Senko.

43. Senko relied upon those statements in connection with its decision to purchase the 2008 International.

44. Senko would not have purchased the 2008 International or the Arrow Platinum Service Contract by NTP if it had known that the vehicle was in a condition that would require numerous costly repairs and loss of use that would not be covered by the included Warranty and purchased service plan and that Senko would be forced to spend substantial amounts of money almost immediately following its purchase in order to have the vehicle pass a DOT inspection and be used in its business.

45. Senko has been damaged and will continue to suffer damages if the Sales Agreement and Arrow Platinum Service Contract are not rescinded.

WHEREFORE, Senko respectfully requests that this Court enter an order rescinding the Sales Agreement and Arrow Platinum Service Contract by NTP, awarding Senko its costs of this action and such other and further relief as this Court deems just and appropriate.

## COUNT VI

### RESCISSION OF ARROW SALES AGREEMENT AND SERVICE CONTRACT BY NTP RELATED TO 2009 KENWORTH BASED ON MISREPRESENTATIONS AND OMISSIONS OF MATERIAL FACT

46. Senko realleges and incorporates by reference paragraphs 1 through 16 above as though fully set forth herein.

47. Arrow made false statements of material fact, or omitted to state material facts which were known, or should have been known, to Arrow and NTP, to Senko for the purpose of inducing Senko to purchase (a) the 2009 Kenworth and (b) the Arrow Platinum

Service Contract by NTP, including that the vehicle was in suitable condition for use as a commercial vehicle in Senko's business and that any repairs needed within the first year would be covered at little to no expense to Senko.

48. Senko relied upon those statements in connection with its decision to purchase the 2009 Kenworth.

49. Senko would not have purchased the 2009 Kenworth or the Arrow Platinum Service Contract by NTP if it had known that the vehicle was in a condition that would require numerous costly repairs and loss of use that would not be covered by the included Warranty and purchased service plan and that Senko would be forced to spend substantial amounts of money almost immediately following its purchase in order to have the vehicle pass a DOT inspection and be used in its business.

50. Senko has been damaged and will continue to suffer damages if the Sales Agreement and related Arrow Platinum Service Contract are not rescinded.

WHEREFORE, Senko respectfully requests that this Court enter an order rescinding the Sales Agreement and Arrow Platinum Service Contract by NTP, awarding Senko its costs of this action and such other and further relief as this Court deems just and appropriate.

### COUNT VII (against Arrow Truck Sales)

### BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE RELATED TO SALE OF 2008 INTERNATIONAL

51. Senko realleges and incorporates by reference paragraphs 1 through 16 above as though fully set forth herein.

52. At the time that it entered into the Sales Agreement with Senko for the purchase of the 2008 International, Arrow knew of the purpose for which Senko needed the vehicle and that Senko was relying on Arrow's skill or judgment to furnish suitable goods.

53. Under Section 2-315 of the Commercial Code, MO Rev.Stat §400.2-315, the sale of the 2008 International includes an implied warranty of fitness for a particular purpose.

54. Arrow breached the implied warranty of fitness for a particular purpose by selling Senko a vehicle which was either defective or not suitable for the purpose for which it was purchased.

55. Senko suffered damages in the amount stated above, and will continue to suffer damages, as a result of Arrow's breach of the implied warranty of fitness for a particular purpose in connection with the sale of the 2008 International.

WHEREFORE, Senko (USA), Inc., by its attorneys, respectfully requests that this Court enter a judgment in its favor and against Arrow Truck Sales in an amount to be determined at trial plus costs of this action and such other and further relief as this Court deems just and appropriate.

### COUNT VIII (against Arrow Truck Sales)

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### RELATED TO 2008 INTERNATIONAL

56. Senko realleges and incorporates by reference paragraphs 1 through 16 above as though fully set forth herein.

57. Under Section 2-314 of the Commercial Code, MO Rev.Stat §400.2-314, the sale of the 2008 International includes an implied warranty of merchantability including, but not limited to, an implied warranty that the vehicle was fit for the ordinary purposes for which it was purchased and used.

58. The 2008 International was not fit for the ordinary purpose for which it was purchased and used in that the vehicle is not in a condition to be operated on the road and can not pass a DOT inspection without significant additional cost to Senko.

59. Senko suffered damages in the amount stated above, and will continue to suffer damages, as a result of Arrow's breach of the implied warranty of merchantability.

WHEREFORE, Senko (USA), Inc., by its attorneys, respectfully requests that this Court enter a judgment in its favor and against Arrow Truck Sales in an amount to be determined at trial, plus costs of this action and such other and further relief as this Court deems just and appropriate.

### COUNT IX (against Arrow Truck Sales)
### BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE RELATED TO SALE OF 2009 KENWORTH

60. Senko realleges and incorporates by reference paragraphs 1 through 16 above as though fully set forth herein.

61. At the time that it entered into the Sales Agreement with Senko for the purchased of the 2009 Kenworth, Arrow knew of the purpose for which Senko needed the vehicle and that Senko was relying on Arrow's skill or judgment to furnish suitable goods.

62. Under Section 2-315 of the Commercial Code, MO Rev.Stat §400.2-315, the sale of the 2009 Kenworth includes an implied warranty of fitness for a particular purpose.

63. Arrow breached the implied warranty of fitness for a particular purpose by selling Senko a vehicle which was either defective or not suitable for the purpose for which it was purchased.

64. Senko suffered damages in the amount stated above, and will continue to suffer damages, as a result of Arrow's breach of the implied warranty of fitness for a particular purpose in connection with the sale of the 2009 Kenworth.

WHEREFORE, Senko (USA), Inc., by its attorneys, respectfully requests that this Court enter a judgment in its favor and against Arrow Truck Sales in an amount to be determined at trial, plus costs of this action and such other and further relief as this Court deems just and appropriate.

## COUNT X (against Arrow Truck Sales)

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### RELATED TO 2009 KENWORTH

65. Senko realleges and incorporates by reference paragraphs 1 through 16 above as though fully set forth herein.

66. Under Section 2-314 of the Commercial Code, MO Rev.Stat §400.2-314, the sale of the 2009 Kenworth includes an implied warranty of merchantability including, but not limited to, an implied warranty that the vehicle was fit for the ordinary purposes for which it was purchased and used.

67. The 2009 Kenworth was not fit for the ordinary purpose for which it was purchased and used in that the vehicle was not in a condition to be operated on the road and could not pass a DOT inspection without significant additional cost to Senko.

68. Senko suffered damages in the amount stated above, and will continue to suffer damages, as a result of Arrow's breach of the implied warranty of merchantability.

WHEREFORE, Senko (USA), Inc., by its attorneys, respectfully requests that this Court enter a judgment in its favor and against Arrow Truck Sales in an amount to be determined at trial, plus costs of this action and such other and further relief as this Court deems just and appropriate.

## COUNT XI

### FRAUD AGAINST ARROW TRUCK SALES
### IN CONNECTION WITH SALE OF 2008 INTERNATIONAL

69. Senko realleges and incorporates by reference paragraphs 1 through 16 above as though fully set forth herein.

70. Arrow made material misrepresentations to Senko, or omitted to state material facts to Senko, in connection with the sale of the 2008 International including, but not limited to, statements related to the condition of the vehicle and the coverage that would be provided by the Warranty and Service Contract by NTP.

71. The statements made by Arrow were false and/or misleading in that the vehicle is not roadworthy and needed, or will need, several repairs that Arrow and NTP claim are not covered by the Warranty or Service Contract.

72. Senko relied on the statements made by Arrow in making its decision to purchase the 2008 International.

73. Senko would not have purchased the 2008 International or the Arrow Platinum Service Contract by NTP if it knew the condition of the vehicle and/or that the needed repairs would not be covered by the Warranty and Service Contract.

74. Senko has been damaged by the misrepresentations and omissions by Arrow in that the vehicle is not roadworthy, and Senko has spent, and will continue to spend, additional amounts in order to get the vehicle back in service.

WHEREFORE, Senko (USA), Inc., by its attorneys, respectfully requests that this Court enter a judgment in its favor and against Arrow Truck Sales in an amount to be determined at trial, plus costs, attorney fees, of this action and such other and further relief as this Court deems just and appropriate.

## COUNT XII

### FRAUD AGAINST ARROW TRUCK SALES IN CONNECTION WITH SALE OF 2009 KENWORTH

75. Senko realleges and incorporates by reference paragraphs 1 through 16 above as though fully set forth herein.

76. Arrow made material misrepresentations to Senko, or omitted to state material facts to Senko, in connection with the sale of the 2009 Kenworth including, but not limited to, statements related to the condition of the vehicle and the coverage that would be provided by the Warranty and Service Contract by NTP.

77. The statements made by Arrow were false and/or misleading in that the vehicle was not roadworthy and needed, or will need, several repairs that Arrow and NTP

claim are not covered by the Warranty or Service Contract.

78.  Senko relied on the statements made by Arrow in making its decision to purchase the 2009 Kenworth.

79.  Senko would not have purchased the 2009 Kenworth or the Arrow Platinum Service Contract by NTP if it knew the condition of the vehicle and/or that the needed repairs would not be covered by the Warranty or Service Contract.

80.  Senko has been damaged by the misrepresentations and omissions by Arrow in an amount to be proven at trial.

WHEREFORE, Senko (USA), Inc., by its attorneys, respectfully requests that this Court enter a judgment in its favor and against Arrow Truck Sales in an amount to be proven at trial plus costs of this action and such other and further relief as this Court deems just and appropriate.

Dated: April 19, 2016

**SENKO (USA), INC., Plaintiff,**

By: /s/ Tami J. Diamond
One of its attorneys

Tami J. Diamond
Kurt E. Vrage, Jr., P.C.
1701 East Lake Ave., #170
Glenview, IL 60025
(847) 657-8551
FAX: (847) 657-6801
E-mail: tami@kevtrucks.com